**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 18-3598 and 19-2178
_____

UNITED STATES OF AMERICA


v.

RICHARD MURPHY,
                                                    Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 2-18-cr-00349-001)
District Judge: Hon. John Michael Vazquez
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 24, 2019
_____

Before: GREENAWAY, JR., PORTER and GREENBERG, *Circuit Judges*.

(Opinion Filed: December 4, 2019)
_____

OPINION[*]
_____


GREENAWAY, JR., *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

This is a consolidated direct criminal appeal. Defendant-Appellant Richard Murphy pled guilty to production of child pornography in violation of 18 U.S.C. § 2251(a). In his first appeal, Murphy argues that his custodial sentence is both procedurally and substantively unreasonable and that he should have received a below Guidelines sentence. In his second appeal, Murphy argues that the District Court's order of restitution was unreasonable. We will affirm.

## I. BACKGROUND

Murphy was charged with production of child pornography that involved abuse of his five-year-old stepdaughter. After executing a search warrant, federal agents discovered that Murphy had a large collection of child pornography, including images and videos. Murphy admitted that he had sexually abused his stepdaughter, had used his cell phone to record the abuse, and had distributed those images and videos to others.

Murphy pled guilty to one count of producing child pornography. In his plea agreement, he agreed to pay restitution to the victims. His advisory Guidelines range was 262 to 327 months' imprisonment, which reflected a total offense level of 39 and Criminal History Category I. Murphy's defense counsel did not object to the calculation, but he requested a variance to fifteen years' imprisonment, the statutory mandatory minimum. His counsel argued that the Guidelines that apply to child pornography offenses are too severe and that Murphy's background should mitigate his punishment. In particular, his counsel highlighted his community contributions, his efforts to cooperate, and the sexual abuse he had experienced as a child. He also noted that Murphy had not sought treatment in jail because he feared retribution. The Government

opposed the variance request.

The District Court denied Murphy's request. After considering victim impact statements and Murphy's mitigation arguments, as well as the severity of Murphy's conduct, the District Court sentenced Murphy to 300 months' imprisonment followed by 15 years of supervised release.

Because the Government did not have all of the information needed to determine restitution by the time of the sentencing hearing, the District Court deferred its decision on restitution for ninety days. The Government then submitted its restitution request for both Murphy's production victim and his possession victims. Murphy opposed any order of restitution because, he contended, he did not have any financial assets and had already been punished through his custodial sentence and term of supervised release.

The District Court ordered Murphy to pay a total of $285,910 to the victims ($170,910 to the production victim and $115,000 to the possession victims) and recommended that Murphy participate in the Bureau of Prison's Inmate Financial Responsibility Program.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We generally review the procedural and substantive reasonableness of a district court's sentence for abuse of discretion. *United States v. Handerhan*, 739 F.3d 114, 119 (3d Cir. 2014). However, we review alleged procedural errors for plain error if the defendant failed to preserve the claim by objecting after the error occurred. *United States*

*v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). "We review de novo whether restitution is permitted by law and the amount of the award for abuse of discretion." *United States v. Bryant*, 655 F.3d 232, 253 (3d Cir. 2011).

### III. DISCUSSION

**A.      The Reasonableness of Murphy's Custodial Sentence**

Murphy argues that his sentence was procedurally and substantively unreasonable for four reasons: 1) the District Court failed to consider his mitigating circumstances arguments; 2) at the sentencing hearing the Government argued for a Guidelines sentence based on cases that it did not cite in its sentencing memorandum; 3) the Guidelines that apply to child pornography do not have any empirical basis; and 4) the Guidelines include enhancements that are inherent in the crime itself. We review these claims for plain error because Murphy did not object after the alleged errors occurred at his sentencing hearing. *See Flores-Mejia*, 759 F.3d at 256.

In reviewing whether a sentence is procedurally unreasonable, we consider whether the district court: 1) correctly calculated the Guidelines range; 2) ruled on any motions for departures; and 3) considered the § 3553(a) factors, including any requests for a variance. *See United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010). A sentence is only substantively unreasonable if "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). "If the sentence is within the applicable Guidelines range, we may presume that the sentence is reasonable." *Handerhan*, 739 F.3d at 119–20.

4

Murphy's arguments are unavailing. The transcript of Murphy's sentencing hearing reflects that the District Court calculated the Guidelines, weighed the § 3553(a) factors, and considered Murphy's request for a variance. The District Court fully considered all of Murphy's mitigation arguments on the record. Indeed, the District Court specifically noted that the mitigating factors bore on its decision not to sentence Murphy at the statutory maximum: "I know that the family justifiably asked for the maximum sentence, but I will give as to [sic] the mitigating factors consideration as to the appropriate sentence." SA57–58. We do not find that the District Court's "failure to give mitigating factors the weight a defendant contends they deserve renders the sentence unreasonable." *United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007).

Nor are we convinced by Murphy's argument that the Government "ambushed" him by presenting new case law at the sentencing hearing. 18-3598 Appellant's Br. 12. The Government's sentencing memorandum included the cases that it cited at Murphy's sentencing hearing; accordingly, Murphy's counsel had full notice about these cases and should have been prepared to respond.

Under the circumstances of this case, we do not find Murphy's argument that the child pornography guidelines do not have a sufficient empirical basis compelling. The District Court was not required to disregard or disagree with the Guidelines. *See United States v. Lopez-Reyes*, 589 F.3d 667, 671 (3d Cir. 2009) (holding that the Supreme Court's decision in *Kimbrough v. United States*, 552 U.S. 85 (2007), "does not require a district court to reject a particular Guidelines range where that court does not, in fact, have disagreement with the Guideline at issue" and that a district court "is not required to

engage in independent analysis of the empirical justifications and deliberative undertakings that led to a particular Guideline") (internal quotation marks omitted). Moreover, as the District Court discussed, the policy arguments that Murphy raises are applicable to possession, receipt, and distribution of child pornography, not production. Nor do the cases on which Murphy relies involve production or U.S.S.G. § 2G2.1. *See United States v. Grober*, 624 F.3d 592 (3d Cir. 2010) (defendant was sentenced for transportation, receipt, and possession of child pornography under U.S.S.G. § 2G2.1); *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010) (defendant was sentenced for distribution of child pornography under U.S.S.G. § 2G2.2).

Murphy's argument that his sentence was excessively harsh because the sentencing enhancements that he received would apply to anyone who violates 18 U.S.C. § 2251(a) is similarly meritless. Murphy disputes two of the sentencing enhancements. First, he challenges the enhancement that he received under U.S.S.G. § 2G2.1(b)(2)(A)) because the offense involved the commission of a sexual act. Second, he challenges the enhancement that he received under U.S.S.G. § 2G2.1(b)(3) because he knowingly engaged in distribution. He argues that both enhancements are "inherent" to violations of 18 U.S.C. § 2251(a) because they would apply to anyone who violates the statute. 18-3598 Appellant's Br. 23.

We disagree. Section 2251(a) does not specifically require commission of a sexual act between the victim and another person; rather, it requires "sexually explicit conduct." This may be a sexual act, but it may also be the "lascivious exhibition of the anus, genitals, or pubic area of any person." 18 U.S.C. § 2256(2)(A)(v); *see, e.g.*, *United*

6

*States v. Larkin*, 629 F.3d 177, 185 (3d Cir. 2010) (holding that two photographs of a nude five-year-old girl met the definition of "lascivious exhibition" to support a violation of § 2251(a)). Accordingly, it is possible to violate 18 U.S.C. § 2251(a) without engaging in the commission of a sexual act.

Further, § 2251(a) does not require that the defendant personally distribute child pornography. Rather, it requires that the defendant know or have reason to know that the depictions will be distributed or that the depictions have been produced or transmitted through interstate commerce. Specifically, a defendant violates § 2251(a) if he:

> knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

18 U.S.C. § 2251(a). Accordingly, a defendant may violate § 2251(a) without personally engaging in the distribution of child pornography.

Although the District Court could have granted Murphy's request for a variance, it was under no obligation to do so. We do not fault this decision; the crime that Murphy committed was extremely serious and the District Court sentenced him within the Guidelines range. As the District Court noted, "[t]here's very few cases that are more serious behavior than involved in this one." We thus find no procedural or substantive error in the District Court's sentencing.

7

**B.      The Reasonableness of Murphy's Order of Restitution**

Murphy also argues that he should not have been ordered to pay restitution because he does not have any financial resources and has already been punished through his custodial sentence and term of supervised release.[1]  Notably, before the District Court Murphy did not dispute any of the evidence or calculations that the District Court used to reach its restitution order; in fact, he specifically said that he "cannot go through each and every request."  App. 200.  He only made an objection to the restitution order as a whole.

On appeal, however, Murphy raises additional challenges to the restitution order. He argues that: 1) he cannot pay because he does not have a job; 2) that one of the victim's restitution requests did not have an empirical basis; and 3) that it will be harmful to his victims if he continues to make payments long into the future.

We do not find any of these arguments convincing.  Murphy specifically agreed to pay restitution in his plea agreement.  Moreover, restitution is mandatory under 18 U.S.C. § 2259: "The issuance of a restitution order under this section is mandatory."  18 U.S.C. § 2259(b)(4)(A).  In particular, "[a] court may not decline to issue an order under this section because of—(i) the economic circumstances of the defendant." 18 U.S.C.      § 2259(b)(4)(B)(i).  The court must order the defendant to pay "the full amount of the

---

[1] On this claim, there is some question as to whether Murphy timely appealed the District Court's restitution order.  However, the Government has agreed to waive any objection based on timeliness so that we may decide Murphy's claim on the merits.  We will do so. *See Virgin Islands v. Martinez*, 620 F.3d 321, 327–28 (3d Cir. 2010) (noting that "[b]ecause Rule 4(b) is not grounded in statute . . . we are not deprived of appellate jurisdiction if a party fails to invoke the rule properly upon an untimely notice of appeal").

victim's losses," including medical services, therapy, transportation, housing, and child care expenses, lost income, attorneys' fees, and "any other relevant losses." 18 U.S.C. § 2259(b)(2)(A); 18 U.S.C. § 2259(c)(2). Accordingly, Murphy's argument that he should not be required to pay restitution because he does not have any money is unavailing.

Since Murphy failed to challenge the District Court's process for arriving at the restitution, we review for plain error. Section 2259 requires the district court to award "the full amount of the victim's losses suffered as a proximate result of the offense." *United States v. Crandon*, 173 F.3d 122, 125 (3d Cir. 1999). The government must prove the amount of the victim's loss by a preponderance of the evidence. *Id.* at 126. A district court need not use precise empirical analysis to reach a restitution amount; as the Supreme Court has held, "[t]his cannot be a precise mathematical inquiry and involves the use of discretion and sound judgment." *Paroline v. United States*, 572 U.S. 434, 459 (2014).

Murphy argues that the District Court should not have relied on the restitution request submitted by the family of his production victim because it did not have any empirical basis. According to the Government, the family requested more than a million dollars for present and future therapy needs and lost wages even though they did not have the assistance of a forensic psychiatrist or legal counsel to reach this number. But the record belies Murphy's assertion that the District Court "embrace[d] this fictitious number." 19-2178 Appellant's Br. 8. The Government provided sufficient evidence to "demonstrate[] the amount of the loss sustained" as a result of Murphy's conduct,

9

including a letter from the victim's therapist and her mother's employer. 18 U.S.C. § 3664(e). Murphy has not disputed these letters or offered any other evidence. The District Court reached its restitution order based specifically on the evidence of the victim's loss: instead of more than a million dollars, the District Court awarded the production victim $170,910.

Finally, there is no basis whatsoever in the case law or statutes for Murphy's argument that restitution will harm his victims. We see no error in the District Court's restitution award.

## IV. CONCLUSION

For the reasons set forth above, we will affirm.